IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,            ORDER

            v.            12-CR-100-WMC-1

KENNETH J. RANEY,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Kenneth J. Raney's supervised release was held on October 4, 2013, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Meredith Duchemin, defendant was present in person and by counsel Kelly A. Welsh. Also present was Senior U.S. Probation Officer Michael J. Nolan.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Northern District of Illinois on April 23, 2002, following his conviction on Count 1: transportation with intent to engage in a sexual act with a juvenile, in violation of 18 U.S.C. § 3 and 2423 (b), a Class C felony; and Count 2: attempt to manufacture child pornography, in violation of 18 U.S.C. § 2251(a), a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a concurrent term of imprisonment on both counts of 145 months, with a three-year term of supervised release on each count to run concurrently following his imprisonment. On July 30, 2012, defendant's supervised release was transferred to the Western District of Wisconsin.

Defendant began his term of supervised release on February 10, 2012.

Defendant violated Standard Condition No. 9, which prohibits him from associating with a felon unless granted permission from his supervising probation officer. On August 31 and September 6, 2013, defendant had contact with convicted felon Timmy J. Reichling at the Lafayette County, Wisconsin, Jail.

Defendant violated a special condition, which prohibits him from possessing any information technology without advanced notification and approval from his supervising probation officer when on September 20, 2013, defendant was discovered to be in possession of a Kingston brand two gigabyte memory stick without having provided the supervising probation officer advanced notification or obtaining permission from his supervising probation officer.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the Court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Although Mr. Raney's conduct is deeply concerning, the court does not find sufficient grounds to warrant his revocation at this time. Accordingly, defendant's three-year term of supervised release imposed on April 23, 2002, will be continued at this time with the express provision that (1) he must remain in strict compliance with all terms and conditions of that release as previously imposed and (2) <u>any</u> contact, direct or indirect, in person or via other technology with Mr. Reichling will itself constitute a revocable offense unless approved in advance and <u>in writing</u> by the probation office or made through defendant's legal counsel.

ORDER

IT IS ORDERED that the concurrent periods of supervised release imposed on defendant on April 23, 2002, are CONTINUED and defendant is to be released from the custody of the Marshal's Office. The probation office shall notify local law enforcement agencies, the state probation office and the state attorney general of Mr. Raney's release back into the community.

Entered this 4th day of October 2013.

BY THE COURT:

/s/

WILLIAM M. CONLEY
U.S. District Judge